[Civ. No. 3266.  First Appellate District, Division Two.—February 26, 1920.]

## JOHN H. WELLMAN, Respondent, v. GEORGE H. FORSTER et al., Appellants; EMIL OLCOVICH COMPANY (a Corporation), Intervener and Respondent.

[1] REPLEVIN — DAMAGES FOR DETENTION — CONFLICTING TESTIMONY — WEIGHT AND CREDIBILITY OF EVIDENCE — FINDINGS — APPEAL.—In this action in replevin for certain bar fixtures and furnishings installed in a saloon, the testimony as to the rental value of the property and its value at the time of demand therefor having been conflicting, and the finding and judgment of the trial court as to the damage suffered by reason of the wrongful detention of the property having been for a sum less than the reasonable rental value of the property, as testified to by one of plaintiff's witnesses, the appellate court could give no consideration to the argument of appellants dealing with the weight of the evidence or the credibility of the respective witnesses.

[2] ID.—EVIDENCE—VALUE AND RENTAL VALUE OF PROPERTY—QUALIFICATION OF WITNESS.—It having been shown in such action that the general manager of the company that installed the fixtures and furnishings had been in the business of buying, selling, and dealing in fixtures of the character involved for a period of twenty-five years, and that he had handled ninety per cent of the bar fixture business in that vicinity for five years immediately preceding the trial, there was no error or abuse of discretion in permitting him to testify on the subject of rental value or of value of the property from which the court was to determine the amount of damages for the deprivation of the plaintiff of the use of his property.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Davis & Rush and Edw. F. Wehrle for Appellants.

Henry K. Norton, Roy V. Rhodes and Loeb & Walker for Respondents.

BRITTAIN, J.—The defendants appealed from a judgment against them in a suit in replevin for certain bar fix-

---

1.  Weight of testimony by expert, note, 4 Ann. Cas. 986.

tures and furnishings installed in a saloon in Los Angeles under a contract between one Conroy and the Brunswick-Balke-Collender Company, the plaintiff's assignor. The judgment was for the return of the property claimed, except a small part concerning which there is no dispute and which the trial court determined could not be removed from the saloon without injury to the realty. The holder of the lease of the realty from whom Conroy and his successors in interest rented the saloon intervened in the action and is satisfied with that part of the judgment protecting the realty from injury.

After the installation of the property Conroy became financially involved, and with the consent of the plaintiff's assignor, he assigned all his rights under the contract in question to Forster & Stoner, copartners. They in turn approached the brink of bankruptcy and a meeting of their creditors was called. A transfer of the partnership property was made to three trustees, of whom one was M. L. Cruse, who was an employee and who described himself as the credit manager of the plaintiff's assignor. In violation of instructions given him by the manager of the corporation, he signed the name of the Brunswick-Balke-Collender Company to the assignment, which was also signed by other creditors. The defendants and appellants, other than Forster & Stoner, are creditors claiming under the assignment and the three trustees to whom the assignment was made. By stipulations between the parties subsequent to the entry of the judgment, the appellants waived all claim to the property, which has been delivered to the plaintiff.

The only question to be determined on this appeal, therefore, is whether or not the judgment can be sustained in so far as it awards to the plaintiff the sum of $1,526 as damages, computed at the rate of two dollars a day during the period of the detention of the property. In the absence of any showing or contention to the contrary, it must be assumed in support of the judgment that there was no consideration for the waiver of claim to the property other than the recognition of the right of the plaintiff to have it in accordance with the provisions of the judgment. If the stipulations showed that possession of the property only had been given to the plaintiff, reserving to the defendants their claim of ownership, some of the questions argued by the

appellants might have been material on this appeal, but the stipulations have answered all questions concerning the nature of the contract between Conroy and the plaintiff's assignor, all questions regarding the authority of Cruse and the effect of payments after the assignment, adversely to the appellants. This court is bound by the answers to which the appellants assented on entering into the stipulations. In this view of the case the plaintiff was entitled to possession of the property at the date of his demand, and possession was wrongfully withheld by the defendants thereafter until the judgment was entered. The court found that the plaintiff was thereby injured to the extent of two dollars a day during the intervening period, and the determination of the aggregate of $1,526 at that rate was merely a matter of computation.

The appellants contend the evidence was insufficient to support the finding in regard to damages. Witnesses for the defendants testified the property had no rental value, and that some of the large brewing concerns had in storage similar equipment they would gladly have loaned to anyone who would undertake to sell their beer. As against this evidence, a witness for the plaintiff testified that the reasonable rental value of the withheld property was $250 per month. This evidence was introduced over the objection of the defendants on the ground that the witness' qualification to give opinion evidence on the subject had not been shown. It is contended that the admission of the statement was reversible error, and that in any event the evidence is overcome by that on the part of the defendants' witnesses; also, that it does not sustain a judgment for two dollars a day.

Disposing of these contentions in their inverse order, it appears that injury was caused by the wrongful withholding. [1] From the evidence before him, the trial judge was justified in assessing damages at any reasonable sum less than the highest sum stated as the rental value. There was evidence that the property, if removed at the time of the demand, was worth five thousand dollars. The estimates of the defendants' witnesses were, respectively, five hundred dollars and one thousand dollars, although one of them stated that in place the property was worth seven thousand dollars to nine thousand dollars. It was property subject to abuse and rapid deterioration. If the trial court adopted the estimate of value of the plaintiff's witness, as he had a right

to do, under the circumstances and conditions existing, the award of two dollars was supported by the evidence. In view of the sharp conflict of evidence, this court can give no consideration to the argument dealing with the weight of the evidence or the credibility of the respective witnesses. They were seen and heard by the trial judge, and he was best qualified to determine those matters.

[2] Concerning the qualifications of the plaintiff's witness to testify in regard to value and rental value of the property, it was shown that he was the general manager of the Brunswick-Balke-Collender Company; that he had been in the business of buying, selling, and dealing in fixtures of the character involved in this suit for a period of twenty-five years, and that he had handled ninety per cent of the bar fixture business in Los Angeles and its vicinity for five years immediately preceding the trial. It does not appear that there was error or abuse of discretion in permitting him to testify on the subject of rental value or of value of the property from which the court was to determine the amount of damages for the deprivation of the plaintiff of the use of his property.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 20, 1920.

All the Justices concurred, except Wilbur, J., and Shaw, J., who did not participate.